**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL D. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-1021-M |
| | ) | |
| CONVERGYS CORPORATION and | ) | |
| CONVERGYS CUSTOMER MANAGEMENT | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| AMBER WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-1380-M |
| | ) | |
| CONVERGYS CORPORATION and | ) | |
| CONVERGYS CUSTOMER MANAGEMENT | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Defendants' Motion to Dismiss and Brief in Support [docket no. 30],

filed June 22, 2009.  On July 1, 2009, plaintiff Amber Wood filed her response, and on July 9, 2009,

defendants filed their reply.  On October 2, 2009, plaintiff filed her sur-reply.  Based upon the

parties' submissions, the Court makes its determination.

I.    <u>INTRODUCTION</u>

Plaintiff Amber Wood ("Wood"), a Caucasian female, was employed by defendants as a

Senior Manager of Operations.  In early December 2007, Wood was terminated after eight (8) years

of employment with defendants.  When Wood inquired of the reason for her termination, she was

vaguely told that she was "being made an example of" along with her co-worker and plaintiff in this

consolidated action, Michael Williams.  Complaint at 5.

On December 24, 2008, Wood commenced this action against defendants alleging sex discrimination and race-association discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, *et seq*.[1]  Wood also brings a claim against defendants based upon Oklahoma's public policy tort exception to at-will employment as set forth in *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989).  Defendants now move to dismiss Wood's claims for lack of subject matter jurisdiction.[2]

II.    STANDARD OF REVIEW

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms."  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint.  *Id*.  In contrast, a factual attack occurs when a party goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends.  *Id*.  In determining subject matter jurisdiction where there is a factual attack, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id*.  Here, defendants have asserted a facial attack as to the retaliation claim and a factual attack as to the sex and race-association claims.

---

[1] In her response, Wood alleges she is also asserting a claim for retaliation based on protesting the treatment of co-plaintiff Michael Williams, an African-American. As the court later determines, however, Wood has not asserted a claim for retaliation in the Complaint.

[2] In their motion to dismiss, defendants challenge Wood's claim for hostile work environment.  Wood, however, clarified in her response that this action is based on claims for sex and race-association discrimination, retaliation and the violation of Oklahoma's public policy, rather than hostile work environment.  As Wood concedes that a claim for hostile work environment does not lie in this case, the Court grants the motion to dismiss to the extent that a claim for hostile work environment exists.

III.    DISCUSSION

A.    Sex and Race-Association Discrimination

The Court must first determine whether Wood complied with the jurisdictional prerequisite to bring a civil suit pursuant to Title VII.  Defendants contend that Wood failed to meet this requirement because, although she filled out an intake questionnaire alleging sex and race-association discrimination, she failed to properly assert these claims in her formal charge of discrimination.  Wood counters that her questionnaire satisfies the Equal Employment Opportunity Commission's ("EEOC") minimum requirements for a charge.

"Exhaustion of administrative remedies is a 'jurisdictional prerequisite'" to suit under Title VII. *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).  "The first step to exhaustion is the filing of charge of discrimination with the EEOC."  *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).  Pursuant to 42 U.S.C. § 2000e-5(b), the EEOC has broad discretion to determine the content and form of a charge.  A document constitutes a charge if it: (1) provides the minimum information the regulations require, and (2) can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee."  *Fed. Express Corp. v. Holowecki*, ---U.S. ----, 128 S.Ct. 1147, 1154-58 (2008).  Strict compliance with the statutory requirements is not necessary.  *Semsroth v. City of Wichita*, 304 Fed. Appx. 707, 712 (10th Cir. 2008).  "But even if a charge fails to contain the specified information, it may still be sufficient, provided it is a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  *Jones*, 502 F.3d at 1184.

Standing alone, an intake questionnaire cannot reasonably be construed as a request for the

agency to take remedial action because it relates only factual information about the allegations of discrimination and makes no requests of the EEOC. *Semsroth*, 304 Fed. Appx. at 713. However, a court's inquiry does not end with the intake questionnaire. A court may review subsequent action, such as discourse between the complainant and the EEOC, to determine whether the questionnaire may reasonably constitute charges for the purposes of Title VII. *Id.* at 714.

Having reviewed the parties' submissions, the Court finds that Wood has met the jurisdictional prerequisite to bring her civil suit pursuant to Title VII.[3] Upon review of her questionnaire, it appears that Wood specified actions which may be construed as discriminatory in nature, either on the basis of sex or race-association. Critical to the Court's determination is that Wood contacted the EEOC subsequent to filing the intake questionnaire, and it appears to the Court that her contact requested EEOC action. In discourse, Woods conveyed to the EEOC investigator that she:

> "honestly think[s] that [her discharge] had to do with Mike's race, [her] gender and the fact that [they] were being retaliated against for speaking up.... Also I guess my question is what happens from here? Once the charge is sent to them, how may days do they have to respond?"

Response, Exhibit 4, Email from Amber Wood to EEOC Investigator James Habas. The Court finds this discourse, coupled with further e-mail between Wood and the EEOC investigator concerning defendants' possible participation in mediation, sufficiently demonstrates affirmative steps to signal Wood's desire to the EEOC to start its administrative process.

Because the Court finds Wood's intake questionnaire may be construed as a request for the

---

[3] As the parties do not dispute whether the intake questionnaire provides the minimum amount of information the regulation requires, the Court finds upon reviewing this submission that it meets the statutory requirements to establish a charge.

EEOC to take action, the Court denies the motion to dismiss as to her sex and race-association discrimination claims.

B.      Retaliation

In her response, Wood asserts that she is alleging a claim for retaliation in violation of Title VII.  Defendants counter that allegations of retaliation are completely absent from the Complaint. The Court agrees.  Having reviewed the parties' submissions, and specifically the Complaint, the Court finds that Wood has not asserted a claim for retaliation.

Even assuming Wood has asserted a claim for retaliation, the Court finds this claim was insufficiently pled.[4]  A well-pled complaint may proceed when she alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It appears that Wood has provided some background, if not a vailed assertion, of a retaliation claim without factually demonstrating that her claim may actually be plausible.  Because Wood has failed to nudge her claim across the line from conceivable to plausible, the Court finds that her retaliation claim must be dismissed.  The Court, however, allows Wood leave to amend her Complaint to assert a claim for retaliation.

Accordingly, the Court grants the motion to dismiss and allows leave to amend the Complaint as to her retaliation claim, if completed within ten (10) days of the date of this Order.

_____

[4] Based upon the jurisdictional facts that exists in this case, the Court converts this portion of the Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion.  *See Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) (a court may convert a Rule 12(b)(1) motion to a Rule 12(b)(6) motion when the subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case).  Specifically, the Court finds that Title VII serves as a basis for both subject matter jurisdiction and the substantive claim.

C.   State Law Claims

Wood alleges state-law claims pursuant to *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989). Defendants assert that Wood failed to administratively exhaust her remedies under state law before filing her *Burk* claims.  In *Katzer*, however, the Tenth Circuit held: "that an employee-plaintiff may state a tort cause of action pursuant to the public policy exception to the at-will employment rule even though there are administrative remedies available to the employee-plaintiff for the alleged discrimination."  *Katzer v. Baldor Elec. Co.*, 969 F.2d 935, 938 (10th Cir. 1992).  In this case, the Court finds that Wood states a state-law claim for tortious employment termination under *Burk*.

Accordingly, the Court denies the motion to dismiss as to the state law claims.

IV.   DISCUSSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss as follows: the Court grants the motion to dismiss as to the retaliation claim and denies the motion to dismiss in all other respects.  Furthermore, the Court allows leave to amend the Complaint at to the retaliation claim, if completed within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 2nd day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE